BLANK ROME, LLP
Attorneys for Petitioner
VOC BULK SHIPPING (USA) INC.
LeRoy Lambert (LL-3519)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VOC BULK SHIPPING (USA) INC., <br><br> Petitioner, <br><br> -against- <br><br> RENSSELAER IRON & STEEL, INC., <br><br> Respondent. | 08 Civ. 3418 (DC) <br><br> **NOTICE OF HEARING ON PETITION TO CONFIRM ARBITRATION AWARD** |

PLEASE TAKE NOTICE that upon the annexed petition of VOC BULK SHIPPING (USA) INC. ("Petitioner" or "VOC"), and upon the accompanying Memorandum of Law dated May 22, 2008, the undersigned will move this Court, pursuant to 9 U.S.C. §201 et seq., before the Honorable Denny Chin, at Courtroom 12B, United States Courthouse, 500 Pearl Street, New York, NY 10007, on June 30, 2008, at 10:00 A.M., for an order confirming Petitioner's arbitration awards against Rensselaer Iron & Steel, Inc., dated January 3, 2008 and March 10, 2008 respectively, both of which are annexed to the Petition, and awarding interest as awarded by the arbitrators therein, and awarding attorneys' fees and expenses incurred in connection with this Petition, post-judgment interest and for such other and further relief as the Court may deem proper.

695117.00605/6633894v.1

2

PLEASE TAKE FURTHER NOTICE that pursuant to Local Civil Rule 6.1, opposing papers are required to be served within ten (10) business days after service of the moving papers and reply papers, if any, are due within five (5) business days after service of the opposing papers.

Dated: New York, New York
May 23, 2008

                        Respectfully submitted,
                        BLANK ROME, LLP
                        VOC BULK SHIPPING (USA) INC.

                        By_____
                        LeRoy Lambert (LL-3519)
                        405 Lexington Avenue
                        New York, NY 10174
                        (212) 885-5000

JUDGE CHIN

08 CV 03418

OFFICE COPY


RECEIVED APR 07 2008 U.S.D.C. S.D.N.Y. CASHIERS

BLANK ROME, LLP
Attorneys for Petitioner
VOC BULK SHIPPING (USA) INC.
LeRoy Lambert (LL-3519)
Brian S. Tretter (BT-6037)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VOC BULK SHIPPING (USA) INC.,

   Petitioner,

-against-

RENSSELAER IRON & STEEL, INC.,

   Respondent.

---

08 Civ.

**PETITION TO CONFIRM**
**ARBITRATION AWARD**

  Petitioner, VOC BULK SHIPPING (USA) INC. ("Petitioner"), by its attorneys Blank Rome, LLP, complaining of the above-named Respondent, RENSSELAER IRON & STEEL, INC. ("Respondent"), alleges upon information and belief as follows:

  1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333. The Court also has "federal question" jurisdiction pursuant to 28 U.S.C. §1331.

  2. At all material times, Petitioner was and now is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 78 Southfield Avenue, Stamford, Connecticut.

695117.00605/6627300v.1

3. Upon information and belief, at all material times Respondent was and is a New York Corporation with its offices at 35 Riverside Avenue, Rensselaer, New York.

4. At all material times, Petitioner was the disponent owner of the M/V WISDOM C (the "Vessel"), an ocean-going cargo vessel. By a charter fixture dated October 26, 2004, which incorporated by reference the time charter of the Vessel dated January 9, 2004 (collectively "the Charter"), Petitioner chartered the Vessel to Respondent for a minimum period of 55 days. A copy of the Charter is attached to this Complaint as Exhibit "A".

5. During the performance of the charter, a dispute arose between the parties as to the suitability of the cranes aboard the Vessel.

6. Respondent withheld hire under the charter in the amount of $177,023.03 based upon their objections to the suitability of the cranes described above.

7. Accordingly, Petitioner commenced arbitration in London pursuant to the terms of the Charter. Specifically, clause 17 of the Charter provides as follows:

> (1) That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at London with English law to apply, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be men conversant with shipping matters and affairs.

8. In response to Petitioner's demand for arbitration and its appointment of Alan Oakley as arbitrator, Respondent appointed Mark Hamsher as its nominated arbitrator. The two appointed arbitrators selected Bruce Harris to act as the third arbitrator. Petitioner acted via its solicitors, MFB in London. Respondent acted on its own behalf in the proceeding.

9. Both parties submitted claims submissions to the Panel, which the Panel considered.

10. On January 3, 2008, the arbitration panel issued an award (the "Award") as follows:

(1) **WE FIND AND HOLD** that the owners'[Petitioner's] claim for $177,023.03 succeeds in full.

(2) **WE THEREFORE AWARD AND ADJUDGE** that the charterers [Respondent] shall forthwith pay to the owners [Petitioner] the sum of $177,023.03 (One hundred and seventy-seven thousand and twenty-three United States Dollars and three cents) together with interest thereon at the rate of 9.25% (nine and one quarter per cent) per annum, compounded at three-monthly rests, from 15 January 2006 down to the date of payment hereunder.

(3) **WE FURTHER AWARD AND DIRECT** that the charterers [Respondent] shall bear and pay their own and (on the standard basis) the owners' [Petitioner's] costs of this reference (and we reserve to ourselves the right to assess and make a further Award in respect of the amount of such costs), together with the costs of this Award which we hereby fix in the sum of £6,615 (Six thousand six hundred and fifteen Pounds Sterling) **PROVIDED** that if, in the first instance, the owners [Petitioner] shall have paid any amount in respect of the costs hereof they shall be entitled to immediate reimbursement from the charterers [Respondent] of the sum so paid.

(4) **WE FURTHER AWARD AND DIRECT** that the charterers [Respondent] shall pay the owners [Petitioner] interest on the sums in paragraph 3 above at the rate of 7.50% (seven and one-half per cent per annum compounded at three-monthly intervals from the date hereof in the case of owners' [Petitioner's] costs and from the date of any payment by the owners [Petitioner] to us in respect of the costs hereof until, in each case, the date of payment by the charterers [Respondent] to the owners [Petitioner] of the sums in question.

11. The Award further provided as follows:

> (5) **WE RESERVE** for later determination by ourselves owners' [Petitioner's] claim for indemnity: to that extent this Award is interim in the reference, but is **FINAL** as to what it decides.

12. A true and accurate copy of the Award is attached to this Complaint as Exhibit "B".

13. On or about February 15, 2008, Petitioner's London solicitors made an application to the Panel for an assessment of Petitioner's costs.

14. Respondent did oppose the calculation of costs made by Petitioner's London solicitors.

15. Exercising the right reserved in paragraph (3) of the Award, the Panel made a further award on costs dated March 10, 2008 (the "Award on Costs"). The Award on Costs provides:

> **WE ASSESS AND DETERMINE** the Owner's [Petitioner's] costs on the basis set out in section 63(5) of the Arbitration Act 1996 in the total amount of £11,184.66 and no more;
>
> **WE THEREFORE AWARD AND ADJUDGE** that the Charterers [Respondent] shall forthwith pay to the Owners [Petitioner] the said sum of £11,184.66, together with interest on the said sum at the rate of 7.5% per annum or pro rata compounded at three monthly rests from January 3, 2008; and
>
> **WE FURTHER AWARD AND ADJUDGE** that the Charterers [Respondent] shall bear and pay the costs of this Award on Costs which we hereby determine an assess in the sum of £2,310 inclusive of our fees and interlocutory charges in relation hereto, provided always that if, in the first instance, the Owners [Petitioner] shall have paid any amount in respect of the costs of this Award they shall be entitled to immediate reimbursement by the Charterers [Respondent] of any sum or sums so paid, together with interest thereon at the rate of 7.5% per annum or pro rata compounded at three monthly rests from the date of payment by Owners [Petitioner] to us until the date of reimbursement.

16. A true and accurate copy of the Award on Costs is attached to this Complaint as Exhibit "C".

17. The Award and Award on Costs are final and not subject to any further appeal.

18. Petitioner hereby petitions this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et. seq.* (the "New York Convention"), for an order confirming the Award in favor of Petitioner and against Respondent.

19. Both the United States and the United Kingdom, the country in which the Award was rendered, are signatories to the New York Convention.

20. Jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203.

21. Venue is proper in this Court pursuant to 9 U.S.C. § 204.

22. No grounds exist for refusal or deferral of recognition or enforcement of the Award against Respondent.

23. For the foregoing reasons, this Court should enter judgment in favor of Petitioner and against Respondent recognizing and enforcing the Award in the amount of $177,023.03, plus £20,109.66 (to be converted to dollars at the time of judgment), plus interest as per the Award and the Award on Costs.

24. Petitioner hereby reserves the right to further petition this Court to confirm any further Award of interest or costs which may be rendered in respect of this matter.

**WHEREFORE**, Petitioner prays:

A.  That the Award and Award on Costs be recognized and that judgment be entered against Respondent, and in favor of Petitioner in the amount of $177, 023.03, plus £20,109.66 (to be converted to dollars at the time of judgment), plus interest as per the Award and the Award on Costs;

B.  That Petitioner be granted such other, further and different relief as may be just and proper.

Dated: New York, New York
       April 7, 2008

                    Respectfully submitted,
                    BLANK ROME, LLP
                    VOC BULK SHIPPING (USA) INC.

By _____
                    LeRoy Lambert (LL-3519)
                    Brian S. Tretter (BT-6037)
                    405 Lexington Avenue
                    New York, NY 10174
                    (212) 885-5000

# EXHIBIT A

United State District Court
Southern District of New York

---

VOC BULK SHIPPING (USA) INC.,

                              Petitioner,

-against-                              **AFFIDAVIT OF SERVICE**
                                                  Index # 08 Civ. 3418 (DC)

RENSSELAER IRON & STEEL, INC.,

                              Respondent.

---

COUNTY OF ALBANY  SS:
STATE OF NEW YORK

William M. Irish, being duly sworn, deposes and says:

1. I am over 18 years of age, am employed by Empire Corporate and Information Services, Inc., and am not a party to this action.

2. On June 3rd, 2008, I sent via Federal Express a copy of the following specific papers: Notice of Hearing on Petition to Confirm Arbitration Award, Petition to Confirm Arbitration Award, Memorandum of Law in Support of Petition to Confirm Arbitration Awards, Individual Practices of Judge Denny Chin and Electronic Case Filings Rules and Instructions, to:

Rensselaer Iron & Steel, Inc.
Attn: Gary Grimmel
35 Riverside Avenue
Rensselaer, New York 12144

by depositing the same in an official Federal Express depository located in front of the United States Post Office (Albany Main Branch) at 45 Hudson Avenue, Albany, New York 12207.

                                                                          *[signature]*
                                                                    William M. Irish

Sworn to before me
this 3rd day of June, 2008.

*[signature]*

FRANK J. PANUCCI
Notary Public, State of New York
Qualified in Albany County
No. 4721156
Commission Expires July 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VOC BULK SHIPPING (USA) INC.,

                       Petitioner,

-against-

RENSSELAER IRON & STEEL, INC.,

                       Respondent.

**AFFIDAVIT OF SERVICE**
Index#08 Civ. 3418 (DC)

CITY OF ALBANY SS:
STATE OF NEW YORK

William M. Irish, being duly sworn says: Deponent is over the age of eighteen years and is a resident of New York State, that: Deponent served the following specific papers in the above entitled action: Notice of Hearing on Petition to Confirm Arbitration Award, Petition to Confirm Arbitration Award, Memorandum of Law in Support of Petition to Confirm Arbitration Awards, Individual Practices of Judge Denny Chin and Electronic Case Filings Rules and Instructions, under Section 306 of the Business Corporation Law. The corporation which was served was: **RENSSELAER IRON & STEEL, INC.**

That on the 3rd day of June, 2008 at approx. 1:30 p.m., at the office of Department of State of New York, in the City of Albany, two (2) copies of the aforesaid papers were served by personally delivering to and leaving with Carol Vogt known to me to be in the Corporation Division of the Department of State and empowered to receive such service. That at the time of making such service, deponent paid to the Secretary of State the fee prescribed by Law in the amount of $40.00.

Description of Carol Vogt - Senior Corporation Search Clerk
white female, approx. 50 yrs., 5'2", 100 lbs., brown hair, wears glasses

                                                William M. Irish

Sworn to before me
this 3rd day of June 2008.

FRANK J. PANUCCI
Notary Public, State of New York
Qualified in Albany County
No. 4721156
Commission Expires July 31, 2010

State of New York - Department of State
Receipt for Service

Receipt #:  200806030616                          Cash #: 200806030272
Date of Service:  06/03/2008                      Fee Paid: $40 - DRAWDOWN
Service Company:  12 EMPIRE CORPORATE & INFORMATION SERVICES,

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
   CORPORATION LAW

Party Served:  RENSSELAER IRON & STEEL, INC.


Plaintiff/Petitioner:
          VOC BULK SHIPPING (USA) INC.



Service of Process Address:
C/O SHANLEY, SWEENEY, REILLY & ALLEN, P.
10 THURLOW TERRACE
ALBANY,  NY 12203

                                             Secretary of State
                                              By   CAROL VOGT