BLANK ROME, LLP
Attorneys for Petitioner
VOC BULK SHIPPING (USA) INC.
LeRoy Lambert (LL-3519)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VOC BULK SHIPPING (USA) INC.,

   Petitioner,

-against-

RENSSELAER IRON & STEEL, INC.,

   Respondent.

08 Civ. 3418 (DC)

---

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARDS

### PRELIMINARY STATEMENT

Petitioner VOC BULK SHIPPING (USA) INC. ("Petitioner" or "VOC"), by its attorneys, Blank Rome LLP, respectfully submits this Memorandum in support of its Petition for an Order 1) confirming arbitral awards dated January 3, 2008 ("Award") and March 10, 2008 ("Costs Award"), respectively (collectively the "Awards"), against respondent Rensselaer Iron & Steel, Inc. ("Respondent") and 2) for Judgment thereon.

### THE FACTS

The facts are set out in Petitioner's Petition to Confirm Arbitration Awards ("Petition") dated April 7, 2008. Petitioner and Respondent entered into a maritime contract, a time charter party, whereby Petitioner agreed to let, and Respondent agreed to hire, the M/V WISDOM C

("Vessel") for a trip from a port on the United States East Coast to a port in the Mediterranean Sea ("Charter"). The Charter provided that disputes arising thereunder would be arbitrated in London.

The Charter was performed, and disputes did arise. The parties submitted those disputes to arbitration in London. The arbitrators in London issued the Award in favor of Petitioner, and awarded Petitioner the principal sum of $177,023.03, plus 9.25% interest per annum, compounded at three-monthly rests, from 15 January 2006 to the date of payment ("Award"). In the Costs Award dated March 10, 2008, the arbitrators in London awarded "costs" to Petitioner in the amount of £20,109.66, plus interest.

Respondent has not paid any of the amounts awarded. Petitioner seeks here to have the Awards confirmed and converted to a judgment of this Court so that it may seek to enforce such judgment against Respondent, a New York corporation domiciled in New York.

## ARGUMENT

### THE CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS APPLIES AND, ACCORDINGLY, THE COURT SHOULD CONFIRM THE ARBITRATION AWARD

The Federal Arbitration Act, 9 U.S.C. §201 et seq., enacts the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). The goal of the New York Convention is to "encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.11. 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). "To advance those objectives the implementing legislation prescribed a summary procedure in the nature of federal motion practice to expedite petitions for confirmation of

foreign arbitral awards." <u>Imperial Ethiopian Government v. Baruch-Foster Corp.</u>, 535 F.2d 334, 335 (5th Cir. 1976) (emphasis added).

Section 202 of the New York Convention provides:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless the relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

The Awards arise from a written arbitration agreement calling for London arbitration contained in the Charter. The Charter is between Petitioner, a Delaware corporation, and Respondent, a New York corporation. The Charter involved the Vessel, Panamanian-flagged, and the carriage of a cargo from the United States to Europe. As such, the Awards arise from a quintessential commercial transaction. In addition, the Awards arise from a "maritime transaction" as defined in 9 U.S.C. §2 and incorporated by reference in §202 above ("including a transaction, contract or agreement described in Section 2 of this title [9]").

Even though Petitioner and Respondent are United States citizens, the relationship created by the Charter clearly involved "property abroad" as well as envisaged "performance abroad." Hence, the exception in §202 above when both parties are U.S. citizens does not apply. *Freuden-sprung v. Offshore Technical Servs.*, 379 F.3d 327 (5th Cir. 2004).

The United States, and the United Kingdom are signatories to the New York Convention. <u>See</u> The New York Convention, Article XVI.

Since Respondent is a New York corporation, venue is proper in this District under 9 U.S.C. § 204.

9 U.S.C. § 207 provides for confirmation of awards falling under the New York Convention (emphasis added).:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court <u>shall</u> confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

The Petition is timely-filed. Respondent appointed its arbitrator in London and participated in the arbitration. There are no grounds for "refusal or deferral" of recognition and enforcement of the Awards.

### CONCLUSION

Petitioner respectfully submits that it is entitled to an Order recognizing and enforcing the Awards as a Judgment of this Court, as prayed for in its petition, and for such other relief as may be equitable.

Dated: New York, New York
      May 23, 2008

                          Respectfully submitted,
                          BLANK ROME, LLP
                          VOC BULK SHIPPING (USA) INC.

                          By_____
                             LeRoy Lambert (LL-3519)
                             405 Lexington Avenue
                             New York, NY 10174
                             (212) 885-5000

United State District Court
Southern District of New York

_____

VOC BULK SHIPPING (USA) INC.,

                              Petitioner,

-against-                              **AFFIDAVIT OF SERVICE**
                                                                  Index # 08 Civ. 3418 (DC)

RENSSELAER IRON & STEEL, INC.,

                              Respondent.

_____

COUNTY OF ALBANY  SS:
STATE OF NEW YORK

William M. Irish, being duly sworn, deposes and says:

1. I am over 18 years of age, am employed by Empire Corporate and Information Services, Inc., and am not a party to this action.

2. On June 3rd, 2008, I sent via Federal Express a copy of the following specific papers: Notice of Hearing on Petition to Confirm Arbitration Award, Petition to Confirm Arbitration Award, Memorandum of Law in Support of Petition to Confirm Arbitration Awards, Individual Practices of Judge Denny Chin and Electronic Case Filings Rules and Instructions, to:

Rensselaer Iron & Steel, Inc.
Attn: Gary Grimmel
35 Riverside Avenue
Rensselaer, New York 12144

by depositing the same in an official Federal Express depository located in front of the United States Post Office (Albany Main Branch) at 45 Hudson Avenue, Albany, New York 12207.

                                                                     _/s/ William M. Irish_
                                                                     William M. Irish

Sworn to before me
this 3rd day of June, 2008.

_/s/ Frank J. Panucci_
FRANK J. PANUCCI
Notary Public, State of New York
Qualified in Albany County
No. 4721156
Commission Expires July 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VOC BULK SHIPPING (USA) INC.,

                              Petitioner,

-against-

RENSSELAER IRON & STEEL, INC.,

                              Respondent.

**AFFIDAVIT OF SERVICE**
Index#08 Civ. 3418 (DC)

---

CITY OF ALBANY  SS:
STATE OF NEW YORK

William M. Irish, being duly sworn says: Deponent is over the age of eighteen years and is a resident of New York State, that: Deponent served the following specific papers in the above entitled action: Notice of Hearing on Petition to Confirm Arbitration Award, Petition to Confirm Arbitration Award, Memorandum of Law in Support of Petition to Confirm Arbitration Awards, Individual Practices of Judge Denny Chin and Electronic Case Filings Rules and Instructions, under Section 306 of the Business Corporation Law. The corporation which was served was: **RENSSELAER IRON & STEEL, INC.**

That on the 3rd day of June, 2008 at approx. 1:30 p.m., at the office of Department of State of New York, in the City of Albany, two (2) copies of the aforesaid papers were served by personally delivering to and leaving with Carol Vogt known to me to be in the Corporation Division of the Department of State and empowered to receive such service. That at the time of making such service, deponent paid to the Secretary of State the fee prescribed by Law in the amount of $40.00.

Description of Carol Vogt - Senior Corporation Search Clerk
white female, approx. 50 yrs., 5'2", 100 lbs., brown hair, wears glasses

                                                    _____
                                                    William M. Irish

Sworn to before me
this 3rd day of June 2008.

_____
FRANK J. PANUCCI
Notary Public, State of New York
Qualified in Albany County
No. 4721156
Commission Expires July 31, 2010

```
                    State of New York - Department of State
                              Receipt for Service

Receipt #:  200806030616                            Cash #: 200806030272
Date of Service:  06/03/2008                        Fee Paid: $40 - DRAWDOWN
Service Company:  12 EMPIRE CORPORATE & INFORMATION SERVICES,

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
   CORPORATION LAW

Party Served:  RENSSELAER IRON & STEEL, INC.


Plaintiff/Petitioner:
          VOC BULK SHIPPING (USA) INC.



Service of Process Address:
C/O SHANLEY, SWEENEY, REILLY & ALLEN, P.
10 THURLOW TERRACE
ALBANY,  NY 12203
                                                    Secretary of State
                                                    By   CAROL VOGT
```